UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG M. LANCASTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13-CV-2406-CAS-SPM |
| | ) |
| SCOTT LAWRENCE, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the undersigned on Petitioner Craig M. Lancaster's Motion for Summary Judgment. (Doc. 22). This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). For the following reasons, the undersigned recommends that the motion be denied.

On or around November 17, 2010, Petitioner pled guilty to three DWI felony offenses, in Case Numbers 09SL-CR07897-01, 10SL-CR00991-01, and 10SL-CR02175. *See* Doc. 1, at p. 1. On November 25, 2013, Petitioner filed his petition for a writ of habeas corpus, alleging two grounds for relief: (1) that Petitioner's plea counsel was ineffective for failing to investigate the validity of one of the prior DWI convictions used to enhance Petitioner's offense (a prior conviction in Case No. 98SM-046917), because Petitioner was in custody at the time he supposedly pled guilty to that offense; and (2) that Petitioner's due process rights were violated because the state charging document included an invalid prior DWI conviction to enhance his offense. *Id.* at pp. 5-6, 16. On January 23, 2014, Respondent filed his Response, along with several exhibits, asserting that the first ground was procedurally defaulted and that the second was without merit. Doc. 7. On March 18, 2014, Petitioner filed a Reply. Doc. 8. On June 2, 2014,

Petitioner filed an amended petition in which he included additional facts to support his claims. Doc. 9. On June 16, 2014, Respondent filed a response to the amended petition. Doc. 11. On June 25, 2014, Petitioner filed a reply. Doc. 12.

On December 4, 2015, Petitioner filed the instant motion for summary judgment, seeking judgment in his favor on the petition. In the motion, Petitioner again alleges that the prior DWI conviction in Case No. 98SM-046917, used to enhance his offenses, was invalid. However, he appears to add additional arguments related to that conviction and others used to enhance his offenses. Petitioner argues that the trial court used inadmissible evidence to prove his prior offenses and that two of the prior offenses used to enhance his charge (Case Nos. 98SM-046917 and 99CR-002930) were invalid because they involved judges who were not lawyers at the time of the disposition. Petitioner also appears to be arguing that the three convictions challenged in his petition were improperly used to convict him in a new case No. 14AB-CR1959) filed after his petition was filed. Respondent has not responded to the motion for summary judgment.

The undersigned recognizes that a motion for summary judgment may technically be filed in a habeas case. *See* Rule 12 of the Rules Governing § 2254 Cases ('The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). However, to the extent that Petitioner is challenging the validity of the prior DWI conviction he claimed was invalid in his original petition, the undersigned finds the motion for summary judgment to be duplicative of the actual habeas corpus petition, which the undersigned has yet to completely review. The undersigned finds that it would be more efficient and appropriate to consider Petitioner's newly presented arguments on that claim at the same time as it considers the actual petition. *See Tolen v. Dormire*, No. 4:10 CV 2031 RWS (NAB), 2011 WL 6152351, at *1 (E.D. Mo. Dec. 12, 2011)

(denying Petitioner's motion for summary judgment where Petitioner's habeas corpus petition had been fully briefed and the motion for summary judgment re-asserted the same grounds for relief alleged in the habeas corpus petition); *Hall v. Edwards*, No. 4:13CV556 SNLJ (TIA), 2013 WL 1890699, at *1 (E.D. Mo. May 6, 2013) (denying petitioner's motion for summary judgment; stating, "The undersigned finds that a motion for summary judgment is not the proper vehicle to determine the merits of the petition").

To the extent that Petitioner is attempting to add entirely new claims based on the validity of the other prior convictions used to enhance his offenses, the admissibility of the other evidence used to enhance his offenses, or the validity of a new conviction that occurred after the filing of this case, such claims have not been pled and are not before this Court. Therefore, they are not the proper subjects of a motion for summary judgment in this case.

For all of the above reasons,

**IT IS HEREBY RECOMMENDED** that Petitioner's Motion for Summary Judgment (Doc. 22) be **DENIED**, without prejudice.

The parties are advised that they have fourteen (14) days to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of August, 2016.