UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG M. LANCASTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-CV-2406-CAS-SPM |
| | ) | |
| SCOTT LAWRENCE, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned on the petition and amended petition of Missouri

state prisoner Craig M. Lancaster ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254. (Docs. 1 & 9). This matter was referred to the undersigned United States Magistrate Judge

for a report and recommendation pursuant to 28 U.S.C. § 636(b).

### I.    FACTUAL BACKGROUND

During the first half of 2010, Petitioner was charged with three separate counts of driving

while intoxicated as an aggravated offender pursuant to Mo. Rev. Stat. Sections 577.010, 558.011,

560.011, and 577.023.  Resp't Ex. A, at pp. 12, 24, 36. In each case, Petitioner was charged as an

aggravated offender because he had previously been convicted of three prior driving while

intoxicated offenses, including one offense to which he pled guilty "on or about June 29, 1999."

*Id.* On or around November 17, 2010, Petitioner pled guilty to all three offenses and was sentenced.

*Id.* at pp. 14-18, 26-30, 38-41. At the plea hearing, the prosecutor stated, *inter alia*, that the state

would prove beyond a reasonable doubt that on or about June 29, 1999, Petitioner had pled guilty

to the offense of driving while intoxicated for events occurring on October 16, 1998. *Id.* at pp. 49. Petitioner testified that the facts as stated by the prosecutor were substantially true and correct. *Id.* at p. 55. Petitioner also testified that he had told his plea counsel all the facts and circumstances surrounding the crimes with which he was charged; that he believed that she had fully advised him of all legal aspects of his case; that she had not refused to do anything that he had requested of her; that she had answered all of his questions; that he had no complaints or criticisms of her services; that he was satisfied with her services; and that he did not think that he, his attorney, or anyone else needed to conduct any further investigation in an attempt to discover additional evidence that might be beneficial to his defense. *Id.* at pp. 47-48.

In his amended motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, Petitioner raised a single claim: that his guilty plea counsel was ineffective for failing to investigate the validity of his June 1999 prior conviction, which rendered his guilty plea involuntary. *Id.* at pp. 83-96. The motion court denied the motion. *Id.* at pp. 114-24. Petitioner raised the claim in his appeal, and the Missouri Court of Appeals affirmed the denial of the motion. Resp't Ex. E.

In the instant petition, Petitioner asserts two grounds for relief: (1) ineffective assistance of counsel based on the failure to investigate the validity of the June 1999 prior conviction that was used to enhance the charges against him; and (2) violation of Petitioner's due process rights in that the charging document was deficient because it used an invalid conviction to enhance Petitioner's charges. Petitioner has also filed an "amended petition" in this case; however, that document did not add any new claims, but rather added new arguments in support of the claims in his petition. The undersigned will consider those arguments in the discussion below.

## II.    LEGAL STANDARDS

### A.  Legal Standard for Reviewing Claims on the Merits

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant habeas relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedents "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination

of the facts in light of the evidence presented in the state court proceedings only if it is shown that

the state court's presumptively correct factual findings do not enjoy support in the record." *Jones*

*v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted);

*see also Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (noting that state court factual findings are

presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence)

(citing 28 U.S.C. § 2254(e)(1)).

### B. Procedural Default

To preserve a claim for federal habeas review, a state prisoner must present that claim to

the state court and allow that court the opportunity to address the claim. *Moore-El v. Luebbers*,

446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)).

"Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised

before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a

procedurally defaulted claim "only where the petitioner can establish either cause for the default

and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.*

(citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)). To demonstrate cause, a petitioner must

show that "some objective factor external to the defense impeded [the petitioner's] efforts to

comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To

establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his *actual*

and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."

*United States v. Frady*, 456 U.S. 152, 170 (1982); *accord Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th

Cir. 1999). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner

must "present new evidence that affirmatively demonstrates that he is innocent of the crime for

which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

## III.   DISCUSSION

Petitioner asserts two grounds for relief in his petition. The undersigned will address each in turn.

### A.  Ground 1: Ineffective Assistance of Counsel

In Ground One, Petitioner argues that his plea counsel was ineffective because she failed to investigate the validity of the June 29, 1999 driving while intoxicated conviction that was used to enhance the charges against him. He further argues that he could not have pled guilty to an offense on that date, because he was in the custody of the Missouri Department of Corrections. Petitioner raised this claim in his motion for post-conviction relief and in his appeal from the denial of that motion, and the Missouri courts denied the claim on the merits.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To show ineffective assistance of counsel, Petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Id.* at 687. In *Hill v. Lockhart*, the Supreme Court applied *Strickland*'s two-part test to ineffective assistance of counsel claims arising in the context of guilty pleas. 474 U.S. 52, 57-59. (1985). To satisfy the first prong, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 57. "Judicial scrutiny of counsel's performance must be highly deferential," and the petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citation and internal quotation marks omitted). To satisfy the second

prong in the guilty plea context, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 131 S. Ct 1388, 1410 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance," *Bell*, 535 U.S. at 698-99. "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id*. at 699.

The Missouri Court of Appeals' rejection of this claim did not involve an objectively unreasonable application of *Strickland* to the facts of this case. With respect to the first prong, the Missouri Court of Appeals found that the record supported the motion court's conclusion that Petitioner's plea counsel had sufficiently investigated the June 1999 conviction. Resp't Ex. E, at p. 10. The court noted that plea counsel had testified during the evidentiary hearing that she had obtained and reviewed a copy of Petitioner's Record of Conviction from the Missouri Department of Revenue, which confirmed the existence of the June 1999 conviction for driving while intoxicated. *Id.* The court also noted that plea counsel had testified that she believed that a certified Department of Revenue record would have been sufficient for the state to establish the existence of the conviction, despite the fact that she did not have a copy of the judgment. *Id.* The court further found that under Missouri law, the State was permitted to prove Petitioner's prior convictions through a variety of evidence and was not limited to offering into evidence a certified copy of a guilty plea or judgment. *Id.* (citing Mo. Rev. Stat. § 577.023.16 (2009) ("Evidence of a prior

conviction, plea of guilty, or finding of guilt in an intoxication-related traffic offense . . . shall include but not be limited to evidence of convictions received by a search of the records of the Missouri uniform law enforcement system maintained by the Missouri state highway patrol.") and Mo. Rev. Stat. § 577.023.16 (2010) (amended in 2010 to provide, "Evidence of a prior conviction, plea of guilty, or finding of guilt in an intoxicated-related traffic offense . . . shall include but not be limited to . . . the certified driving record maintained by the Missouri department of revenue.")). *See also* Resp't Ex. A, at p. 122-23 (motion court relying on the "shall not be limited to" clause in the 2009 statute, as well as Missouri case law and the 2010 amendment to the statue, to find that the Department of Revenue record was sufficient evidence to establish the prior conviction). The court also pointed out that the Petitioner had testified during his plea hearing that he was satisfied with plea counsel's performance and that plea counsel had done all the things he requested of her, and that at no point during the plea hearing did Petitioner raise the issue of the validity of the June 1999 prior conviction or plea counsel's failure to investigate it. Resp't Ex. E, at pp. 9-10. The court concluded that "the record contained sufficient evidence to support the motion court's conclusion that [plea counsel] conducted a competent investigation of the alleged prior conviction, and that her decision not to challenge the conviction was not ineffective assistance." *Id.*

The Missouri Court of Appeals' conclusion was reasonable and supported by the record. The transcript of the evidentiary hearing shows that prior to Petitioner's guilty plea, Petitioner's counsel had a Record of Conviction from the Missouri Department of Revenue, as well as a "conversion history report" describing the June 29, 1999 guilty plea, and that she believed that the Record of Conviction was sufficient to establish the conviction under Missouri law. *See* Resp't Ex. B, at pp. 68-76. Although Petitioner argues in his various filings that this evidence was inadmissible and insufficient under Missouri law, the Missouri courts found that the Record of

Conviction was sufficient, and this Court may not second-guess the state court's conclusions regarding matters of Missouri law. *See Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012) ("We do not second-guess the decision of a Missouri state court on Missouri law."); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions."). The transcript of the plea hearing also supports the court's findings regarding Petitioner's statements at the plea hearing. *See* Resp't Ex. A, at pp. 47-48.

Petitioner argues that the state court's analysis was incorrect because although the statute cited by the Missouri Court of Appeals describes a "certified" driving record from the Missouri Department of Revenue, the driving record his plea counsel had was not certified. This argument is without merit for two reasons. First, the motion court found that the driving record *was* certified, and a review of the driving record confirms that conclusion. *See* Resp't Ex. A, at pp. 100, 121. Second, even assuming that the driving record had not been certified, that would not render the Missouri court's analysis objectively unreasonable. It was not unreasonable for Petitioner's plea counsel to conclude that if she had an uncertified copy of this record, the state could have obtained a certified copy as well—particularly given that she had other evidence of the conviction in the form of the conversion history report describing the June 29, 1999 guilty plea.

Even assuming, *arguendo*, that Petitioner could satisfy the first prong of *Strickland*, he could not satisfy the second, because he cannot show that had his plea counsel conducted further investigation of the June 29, 1999 conviction, she would have found it was invalid and Petitioner would not have pled guilty. Petitioner argues that it was impossible for him to have pled guilty to driving while intoxicated on June 29, 1999, because he was in the custody of the Missouri Department of Corrections at that time. However, the state court's factual findings are to the

contrary, *see* Resp't Ex. A, at p. 122 & Resp't Ex. E, at p. 7, and those findings are reasonable and supported by the record. The testimony and documentation presented at the evidentiary hearing showed that Petitioner was moved out of his cell at the St. Louis County Department of Justice on June 28, 1999, and taken before a judge to be seen on the St. Louis County Municipal Court's "confined docket." Resp't Ex. B, at pp. 60-61. There was other testimony presented that if a confined docket occurred on the afternoon of June 28, 1999, it would not be unusual that the conviction would have been entered the next day, at which time it is possible that it would have been coded using the June 29, 1999 date. *Id.* at pp. 52-53. Testimony was also produced that Petitioner left the custody of the St. Louis County Department of Justice the morning of June 29, 1999, to go to the Missouri Department of Corrections. Resp't Ex. B, at p. 61, which is consistent with the Verification of Incarceration form Petitioner submitted showing that he was in the custody of the Missouri Department of Corrections from June 29, 1999 through August 25, 1999. Pet'r Ex. B, Doc. 1, at p. 22. The undersigned further notes that whether Petitioner's conviction occurred on June 28, 1999, or June 29, 1999, is irrelevant; the charging documents alleged that he pled guilty "on or about" June 29, 1999. *See* Resp't Ex. A, at pp. 12, 24, 36.

Petitioner has submitted to this Court two pieces of evidence, each dated after the filing of the Petition in this case, that he claims indicate that the June 1999 conviction was invalid: (1) a letter from the Assistant County Counselor at the St. Louis County Municipal Court—West Division, dated February 11, 2014, stating the days of the week on which confined dockets occur, Pet'r Ex. I, Doc. 9-1, at p. 1; and (2) a copy of his Criminal Report from the Missouri State Highway Patrol Criminal Justice Information Services Division, dated May 2014, that does not list the June 1999 guilty plea among his convictions. Pet'r Ex. IV, Doc. 9-1, at pp. 4-11. However, where, as here, the state court has adjudicated a claim on the merits, this Court's review of the

claim is limited to the record that was before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("[R]eview under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."); 28 U.S.C. § 2254(d)(2) (providing that a claim shall not be granted unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*") (emphasis added).

Moreover, even if these documents were considered, they would not establish that the state court's determination of this claim was objectively unreasonable. The letter Petitioner submitted indicates that the municipal court has confined dockets on Tuesdays and Fridays and has diligently maintained that schedule for more than a decade. *See* Pet'r Ex. I, Doc. 9-1. Petitioner points out that June 28, 1999—the date when testimony indicated that he was seen on the confined docket— was a Monday, not a Tuesday or Friday. As Respondent points out, however, Petitioner's 1999 guilty plea occurred well more than a decade before the date of this letter. Moreover, the letter does not indicate that the confined dockets were always, without exception, held only on Tuesdays and Fridays. Thus, it does not refute the testimony that Petitioner appeared at a confined docket on June 28, 1999. Petitioner has also submitted a copy of his Criminal Report from the Missouri State Highway Patrol Criminal Justice Information Services Division Criminal Report, which does not list the alleged June 29, 1999 conviction. However, as Respondent points out, this system relies on input from other agencies and may contain errors or omissions. *See* Mo. Rev. Stat. § 577.051.1 (2003) (providing that records involving pleas of guilty to alcohol-related driving offenses shall be forwarded to the Missouri state highway patrol and shall be entered by the highway patrol in the Missouri uniform law enforcement system records).

For all of the above reasons, the state court's adjudication of this claim did not involve an objectively unreasonable application of *Strickland* to the facts of this case. Thus, the undersigned recommends that Ground One be denied.

### B.  Ground Two: Violation of Due Process

In Ground Two, Petitioner argues that his due process rights were violated in that the state used an invalid conviction to enhance the charges against him. Petitioner did not raise this claim in his post-conviction proceedings, so it has been procedurally defaulted. *See Vogl v. State*, 437 S.W.3d 218, 226 (Mo. 2014) ("Rule 24.035 is the exclusive procedure by which a person convicted of a felony on a guilty plea may seek post-conviction relief."); *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir.2006) (claims not presented in motion for post-conviction relief or appeal to the Missouri Court of Appeals are procedurally defaulted). Petitioner makes no attempt to show cause and prejudice to excuse the default, nor has he presented new evidence that establishes his innocence, such that the fundamental miscarriage of justice exception, might apply. Thus, the undersigned recommends that Ground Two be denied as procedurally defaulted.

Even assuming, *arguendo*, that Petitioner could overcome his procedural default of Ground Two, this claim would fail on its merits. Petitioner pled guilty to the offenses at issue here, which limits the claims he may bring. As the Supreme Court explained in *Tollett v. Henderson*,

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

411 U.S. 258, 266 (1973). After a guilty plea, collateral review of the plea "is ordinarily confined to whether the guilty plea was both counseled and voluntary." *Pennington v. United States*, 374 F. Supp. 2d 813, 816 (E.D. Mo. 2005) (citing *United States v. Broce,* 488 U.S. 563, 569 (1989)). A

plea is voluntary if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)).

Petitioner does not contend that his guilty plea was not voluntary or knowing. Moreover, in considering Petitioner's claim for ineffective assistance of counsel, the state courts specifically found that Petitioner's guilty plea was voluntary and knowing. In reviewing the motion court's denial of Petitioner's ineffective assistance of counsel claim, the Missouri Court of Appeals stated:

> Here, the record provides ample evidence to support the motion court's conclusion that [Petitioner's] pleas of guilty were voluntary. The trial court questioned [Petitioner] extensively prior to his pleas, and informed [Petitioner] of his rights to a jury trial and counsel. [Petitioner] testified during his plea hearing that he was satisfied with plea counsel's performance, and that plea counsel had done all the things he requested of her. At no point during the plea hearing did [Petitioner] raise the issue of the June 1999 prior conviction, or plea counsel's alleged failure to investigate the same. These facts provide a sufficient basis for the motion court to conclude that [Petitioner's] pleas of guilty were voluntary and knowing.

Resp't Ex. E, at pp. 9-10. This finding is reasonable and well supported by the transcript of the plea hearing.

For all of the above reasons, the undersigned recommends that Ground Two be denied.

## IV.   CONCLUSION

For all of the above reasons, the undersigned finds that Petitioner is not entitled to federal habeas relief. Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner Craig M. Lancaster's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this case be **DISMISSED**.

The parties are advised that they have fourteen (14) days to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of January, 2017.